**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS; | ) ) ) |
| Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; | ) ) ) ) ) ) |
| and, | ) ) |
| Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| D.A.G. CONSTRUCTION CO., INC., | ) ) |
| Defendant. | ) |

CASE NO. 20-CV-396

**COMPLAINT**

Plaintiffs **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS; Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; and, Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA,** by their attorneys,

**JOHNSON & KROL, LLC**, complain of Defendant **D.A.G. CONSTRUCTION CO., INC.**, stating as follows:

### COUNT I

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2. At all times material herein, Defendant **D.A.G. CONSTRUCTION CO, INC.** ("D.A.G.") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3. This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185.

4. Since the events and omissions giving rise to the claim occurred within this judicial district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

5. At all times material herein, Defendant D.A.G. has been signatory to collective bargaining agreements with the Union ("Parties' CBA") which require contributions and deductions being paid based on bargaining unit hours worked.

6. The Parties' CBA also includes language which, inter alia, governs D.A.G.'s ability and obligations to subcontract bargaining unit work.

7. Unbeknownst to the Plaintiff Union between January 1, 2011 and December 31, 2015, D.A.G. violated the Parties' CBA's subcontracting provisions.

8. Defendant D.A.G.'s contractual subcontracting violations between January 1, 2011 to December 31, 2015 deprived the Union's related ERISA Funds (which are identified in the Parties'

CBA) from receiving the contributions to which they are entitled and deprived the Union from receiving deductions to which it is entitled.

9. Despite being requested, Defendant D.A.G. has failed to pay the contractually and statutorily required monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1. Defendant D.A.G. pay all delinquent contributions and deductions, interest and liquidated damages which it owes to Plaintiff Union (and the contractually identified ERISA Funds) due to Defendant's violation of the Parties' CBA subcontracting provisions for the period of January 1, 2011 to December 31, 2015;

2. Defendant D.A.G. pay statutory post-judgment interest on all principal contributions and deductions found due by this Order;

3. Defendant D.A.G. pay Plaintiff Union's attorney's fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant D.A.G.

## COUNT II

1. Plaintiffs **Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; and, Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** ("Trust

Funds") are employee benefit funds within the meaning of and subject to ERISA. Plaintiffs Trust Funds provide benefits for employees working within this judicial district.

2. At all times material herein, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union"), which is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district, and Defendant **D.A.G. CONSTRUCTION CO, INC.** ("D.A.G."), which has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district, have been parties to a collective bargaining agreement ("Parties' CBA") of which Plaintiffs Trust Funds are the Third Party Beneficiaries.

3. This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185.

4. Since the events and omissions giving rise to the claim occurred within this judicial district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

5. At all times material herein, the Parties CBA required D.A.G. to pay contributions to the Plaintiffs Trust Funds based on bargaining unit hours worked.

6. At all times material herein, the Parties' CBA also includes language which, <u>inter alia</u>, governs D.A.G.'s ability and obligations to subcontract bargaining unit work.

7. Unbeknownst to Plaintiffs Trust Funds and to the Union, between January 1, 2011 and December 31, 2015, D.A.G. violated the Parties CBA's subcontracting provisions.

8. Defendant D.A.G.'s contractual subcontracting violations between January 1, 2011 to December 31, 2015 deprived the Plaintiffs Trust Funds from receiving the contributions for which they would have received.

9. Despite being requested, Defendant D.A.G. has failed to pay the contractually and statutorily required monies identified in this Count.

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

1. Defendant D.A.G. pay all delinquent contributions, interest and liquidated damages which it owes to the Plaintiffs Trust Funds due to Defendant's violation of the Parties' CBA's subcontracting provisions for the period of January 1, 2011 to December 31, 2015;

2. Defendant D.A.G. pay statutory post-judgment interest on all principal contributions found due by this Order;

3. Defendant D.A.G. pay Plaintiffs Trust Funds' attorney's fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant D.A.G.

## COUNT III

1. This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Todd Pancake, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; and, Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** ("Trust

5

Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **D.A.G. CONSTRUCTION CO., INC.** ("D.A.G.") to the Plaintiffs Trust Funds.

2. Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA.  Plaintiffs Trust Funds provide benefits for employees working within this judicial district.

3. At all times material herein, Defendant D.A.G. has employed employees within this judicial district.

4. Since the events and omissions giving rise to the claim occurred within this judicial district, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

5. At all times material herein, the Indiana/Kentucky/Ohio Regional Council of Carpenters and D.A.G. had a collective bargaining agreement ("Parties CBA") which required contributions being paid to the Plaintiffs Trust Funds based on bargaining unit hours worked.

6. The Parties' CBA also includes language which, <u>inter alia</u>, governs D.A.G.'s ability and obligations to subcontract bargaining unit work.

7. Unbeknownst to the Plaintiffs Trust Funds and the Union, between January 1, 2011 and December 31, 2015, D.A.G. violated the CBA's subcontracting provisions.

8. Defendant D.A.G.'s contractual subcontracting violations between January 1, 2011 to December 31, 2015 deprived the Trust Funds from receiving the contributions for which they would have received.

9. Despite being requested, Defendant D.A.G. has failed to pay the contractually and statutorily required monies identified in this Count.

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

**1.** Defendant D.A.G. pay all delinquent contributions, interest and liquidated damages which it owes to the Plaintiffs Trust Funds due to Defendant's violation of the Parties' CBA's subcontracting provisions for the period of January 1, 2011 to December 31, 2015;

**2.** Defendant D.A.G. pay statutory post-judgment interest on all principal contributions found due by this Order;

**3.** Defendant D.A.G. pay Plaintiffs Trust Funds' attorney's fees and costs incurred herein; and,

**4.** Such other and further relief that this Court may find just and proper be entered against Defendant D.A.G.

Respectfully submitted,

**JOHNSON & KROL, LLC**

By      /s/ Joseph E. Mallon
        **PLAINTIFFS' ATTORNEYS**

JOHNSON & KROL, LLC
JOSEPH E. MALLON
450 E. 96th Street, Suite 500
Indianapolis, Indiana 46240
P: (317) 218-4779
F: (312) 255-0449
E: mallon@johnsonkrol.com
Attorney ID #0085786